Matter of Taylor v Fusco (2025 NY Slip Op 01377)

Matter of Taylor v Fusco

2025 NY Slip Op 01377

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-01518
 (Docket Nos. O-13548-20/20A/21D, O-11685-21/21A)

[*1]In the Matter of Jacqueline Taylor, appellant,
v
Luigi Fusco, respondent. (Proceeding No. 1.)
In the Matter of Luigi Fusco, respondent,
v
Jacqueline Taylor, appellant. (Proceeding No. 2.)

The Cassar Law Firm, P.C., Huntington, NY (Christopher J. Cassar of counsel), for appellant.
Law Offices of Gayle R. Rosenbaum, PLLC, Melville, NY, for respondent.

DECISION & ORDER
In related family offense proceedings pursuant to Family Court Act article 8, Jacqueline Taylor appeals from an order of the Family Court, Suffolk County (David A. Morris, J.), dated January 5, 2024. The order, insofar as appealed from, after a fact-finding hearing, dismissed Jacqueline Taylor's family offense petition.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were in an intimate relationship for approximately one year, from August 2019 to August 2020. After the relationship ended, each party commenced a family offense proceeding against the other and obtained a temporary order of protection against the other. In an order dated January 5, 2024, after a fact-finding hearing, the Family Court found that neither party had established a family offense by a fair preponderance of the evidence and dismissed the petitions. Jacqueline Taylor appeals from so much of the order as dismissed her family offense petition.
"In a family offense proceeding, the allegations of the petition must be supported by a fair preponderance of the evidence" (Matter of McClean v McClean, 212 AD3d 624, 625, citing Family Ct Act § 832). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, whose determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (see Matter of Fiore v Gima, 227 AD3d 1071, 1074-1075; Matter of Petrillo v Bromberg, 227 AD3d 998, 999; Matter of Limanov v Limanov, 225 AD3d 872, 874). Here, the determination that Taylor had not established by a fair preponderance of the evidence that Luigi Fusco committed the family offenses of stalking in the third degree or harassment in the second degree was supported by the record.
Taylor's remaining contention is not properly before this Court.
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court